### G., C. & S. F. R'y Co. v. J. E. Thompson.

(No. 6532.)

Appeal from Milam County. Opinion by White, P. J.

J. W. Terry, counsel for appellant.

No counsel appeared for appellee.

§ **155.** *Pleading; amendment of, setting up new cause of action; statute of limitations.* This was a suit for damages for destruction of property consisting of corn, etc., by fire negligently permitted to escape from appellant's engines. The original petition alleges that on —— day of November, 1885, the fire destroyed the following property of plaintiff, to his damage $150, to wit: One hundred bushels of corn in the field and crib, $75; one crib, worth $50; two stacks of fodder, worth $25; total, $150. The court found that the fire occurred on the 16th of November, 1885. By an amended original petition filed July 4, 1888, appellee claimed damages as follows: One corn-crib, worth $75, and containing sixty bushels of corn, worth $60; three hundred bushels of corn in the field, ungathered, $50; and an orchard containing twenty trees, worth $10 per tree; two pear treas, worth $12 each; also two stacks of fodder, containing one thousand bundles of fodder, worth $15 each; one sweep-stock, worth $2.50; one shovel plow, worth $1, and two sets of harness, worth $2.50 each; and prays damages in the sum of $655. The appellant demurred to the amended petition, on the ground that all of the items of damage except those mentioned in the original petition were barred by limitation. Appellant also pleaded the statute of limitation of two years to all items of damage in the amended petition that were not contained in the original petition. The court, as is shown by its finding of fact, rendered judgment for the appellee for the following items: "One corn-crib, worth $35; fifty bushels of corn in crib, worth $25; two stacks of fodder, worth $20; four hundred and forty bushels of corn in field, forty cents per bushel, $176; nineteen peach and two pear trees, $57; total value of property destroyed, $313. Interest on said amount from the 16th day of November, 1885, to this the 18th day of August, 1888, is $68.83. Hence I render verdict for plaintiff for $381.83." The court erred in not sustaining the appellant's exceptions setting up the statute of

limitations to all those items of damage not pleaded, and claimed in the original petition. The new items set out and pleaded in the amended petition was, or were, a new cause or causes of action; and the rule is well settled that, where the amended petition states a new cause of action, the statute of limitations continues to run at the date of the filing of the amendment. In this case more than two years elapsed before said amended petition was filed.

§ **156.** *Excessive judgment.* But had this amended petition set up no new cause of action, which was barred, the findings of the court would nevertheless have been erroneous, and the judgment excessive; because while in said amended petition plaintiff claims damage for sixty bushels of corn in the crib, and three hundred bushels ungathered in the field, making three hundred and sixty bushels, the court found fifty bushels in the crib, and four hundred and forty in the field, making a total of four hundred and ninety, when only three hundred and sixty were claimed to have been destroyed.

June 25, 1890.          Reversed and remanded.